UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
CHRISTOPHER HILL,

                      Plaintiff,

      - against -

NYCPD OFFICER MICHAEL YU,

                      Defendant.
---------------------------------------------------------- X

**MEMORANDUM**
**DECISION AND ORDER**

18-cv-3934 (BMC) (RER)

**COGAN**, District Judge.

In this false arrest and malicious prosecution case under 42 U.S.C. § 1983, defendant police officer has moved for judgment on the pleadings or, alternatively, summary judgment. Plaintiff has not opposed, but I have considered the strongest arguments that he might make in light of his *pro se* status. Nevertheless, the face of the pleadings, together with documents defendant has submitted relating to the allegations in the complaint, show that defendant had probable cause to arrest and refer plaintiff for prosecution. The motion is therefore granted.

## BACKGROUND

The complaint is scant, but it essentially alleges that plaintiff was a tenant in an apartment building and that defendant Officer Yu arrested him for possession of a gun, cocaine, and drug paraphernalia. Because the grand jury "found me not guilty," i.e., didn't indict plaintiff, plaintiff brought this action.

The documents relating to the search fill out the story. The search was of plaintiff's apartment pursuant to a search warrant authorizing the seizure of cocaine and drug paraphernalia.

Police, in addition, seized a firearm and ammunition from the kitchen, together with a coffee grinder, scale, straw, and razor blade each containing heroin residue; a cardboard box full of glassine envelopes; and nine large ziplock bags containing smaller bags from an unoccupied bedroom. Officer Yu found plaintiff asleep in a separate bedroom. Inside plaintiff's bedroom, Officer Yu recovered a razor and a bag containing cocaine residue.

Before the grand jury, plaintiff testified that the seized cocaine-tinged items in his bedroom were his but the gun was not, and that he was merely renting the bedroom from another occupant. The grand jury determined not to indict plaintiff.

## DISCUSSION

It is a not infrequent assumption among citizens who have repeated encounters with the police that if they are arrested and the charges against them are subsequently dropped, there is money to be made through a civil rights action. However, that is not the law, for the "existence of probable cause to arrest … is a complete defense to an action for false arrest ... under § 1983." Covington v. City of New York, 171 F.3d 117, 122 (2d Cir. 1999) (internal quotation marks and citation omitted). "[P]robable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." Gonzalez v. City of Schenectady, 728 F.3d 149, 155 (2d Cir. 2013). "Whether probable cause existed is a commonsense inquiry, based on the totality of the circumstances, not on reflexive, isolated, or technical criteria." Cruz v. City of New York, 232 F. Supp. 3d 438, 453 (S.D.N.Y. 2017). "The lawfulness of an arrest does not depend on an ultimate finding of guilt or innocence." Id. See Rinaldi v. City of New York, 756 F. Supp. 111, 115 (S.D.N.Y. 1990) ("The fact that charges against an arrestee are eventually dropped, or that

he is acquitted after trial, has no bearing on the determination of whether probable cause existed to arrest him.") (internal quotation marks and citation omitted).

Here, there is no dispute that the entry was pursuant to a lawful warrant and that plaintiff was in possession of cocaine, as he testified before the grand jury. His goal in testifying before the grand jury was to distance himself from the handgun that the police also recovered, as that charge carried more serious consequences, but he readily acknowledged his cocaine-tinged razor that was among the items that the police seized. He also testified that although the gun was not his, he had access to the common areas where other drug-related contraband and the gun were found. We need not speculate why the grand jury chose not to indict because these facts make it clear that the police had probable cause to arrest him.

To the extent the complaint attempts to state a claim for malicious prosecution, it fails for the same reason – probable cause is a complete defense to this claim as well. See Savino v. City of New York, 331 F.3d 63, 72 (2d Cir. 2003). There is no suggestion on this record that probable cause had dissipated between the time of plaintiff's arrest and the presentation of the case to the grand jury. See Lowth v. The Town of Cheektowaga, 82 F.3d 563, 571 (2d Cir. 1996).

**CONCLUSION**

Defendant's motion [41] for judgment on the pleadings or, in the alternative, for summary judgment, is granted.[1] The Clerk is directed to enter judgment, dismissing the complaint. The Court certifies that any appeal from this order would not be taken in good faith,

---

[1] Some of the documents that defendant has presented arguably go beyond the allegations in the complaint (probably because the complaint says so little). To the extent it is necessary to convert defendant's motion to a motion for summary judgment, the Court is doing so. Plaintiff received notice under Local Rule 12.1 that matters outside the complaint might be considered, and his failure to respond to the motion at all compels the conclusion that no additional notice is necessary.

3

and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                                                                       _____
                                                                                                                               U.S.D.J.

Dated:  Brooklyn, New York
          February 13, 2020